UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>  Plaintiff,<br><br>  v.<br><br>VIDAL SANCHEZ, et al.,<br><br>  Defendants. | Case No.  1:14-cv-00166-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br>**1) GRANT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 24-1)**<br>**2) GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 19)**<br>**3) GRANT DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY (ECF No. 26)**<br>**4) DENY PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 25)** |

**I.   PROCEDURAL HISTORY**

Plaintiff Raymond Baldhosky is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. The action proceeds on Plaintiff's medical indifference and state law medical negligence claims against  Defendants Sanchez, Diwendi, Yang, Cross, Toni, Smith, Daniels, and Does 2-13, 15-17, 19-20, and 24-40, all physicians and nurses at Corcoran State Prison. (ECF No. 8.) Defendants have declined Magistrate Judge jurisdiction (ECF No. 22).

Before the Court are: Defendants' Request for Judicial Notice (ECF No. 24-1), Defendants' Motion to Dismiss (ECF No. 19), Defendants' Motion to Strike Plaintiff's Surreply (ECF No. 26) and Plaintiff's Motion for Appointment of Counsel (ECF No. 25)

Defendants moved to dismiss Plaintiff's federal and state claims on January 14, 2015 on statute of limitations grounds. (ECF No. 19). Plaintiff opposed the motion on January 30, 2015 (ECF No. 21). Defendants filed a reply and request for judicial notice on February 6, 2015. (ECF No. 24).  Plaintiff filed a "Clarification Letter to the Court and Motion to Request Appointment of Counsel" (ECF No. 25), which in part addressed Defendants' Reply and thus amounted to a surreply to the motion to dismiss.

## II.    RELEVANT PLEADING FACTS

Plaintiff, a paraplegic, claims he was harmed by a policy and practice of medical indifference and neglect while he was a prisoner at CSP. He alleges that Defendants repeatedly used catheters that were the wrong size, causing pain, significant injury, and complete failure of his urethra, and then failed to provide appropriate follow-up care after surgeries to enable use of a supra-pubic catheter.

## III.   PROCEDURAL POSTURE

Plaintiff asserts that he has exhausted his administrative remedies. He filed a 602 appeal regarding the issues raised in his First Amended Complaint on August 24, 2008 and received a third level denial on January 10, 2010. Defendants do not dispute these assertions.

Plaintiff was released from prison on July 27, 2010. He originally filed suit, in case No. 1:12-cv-1200–MJS, on July 23, 2012, alleging medical indifference and state law negligence by Defendants and byl medical staff at another institution.

This Court issued a screening order in No. 1:12-cv-01200–MJS on December 9, 2013. In that screening order, the Court dismissed the case without prejudice, noting, among other things: "Plaintiff's complaint alleges unrelated claims involving distinct incidents at distinct CDCR facilities, and as such, violates Rule 18(a). Such amassing of unrelated claims is not permissible and if repeated will result in dismissal of unrelated claims.  If Plaintiff chooses to file an amended pleading, it should include only related claims arising at a single CDCR facility." (ECF No. 24-1, at 9).

On January 22, 2014 Plaintiff filed an amended complaint in action number 1:12-cv-01200-MJS asserting claims against medical staff at Corcoran's Substance Abuse and Treatment Facility.  Screening in that case has not yet been completed.  Plaintiff then filed the original complaint in this action on February 7, 2014. After screening, his First Amended Complaint was permitted to proceed to service in October 2014. (ECF No. 8.)

### III.     REQUEST FOR JUDICIAL NOTICE

Defendants' reply brief responds to Plaintiff's argument for tolling by asking the Court to take judicial notice of the First Screening Order and part of the First Amended Complaint in Baldhosky v. Hubbard, 1:12-cv-01200-MJS.

Federal Rule of Evidence 201 authorizes the Court to judicially notice facts not subject to reasonable dispute, including court records, because they may be accurately determined from sources whose accuracy cannot reasonably be questioned. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). This includes the Court's own records. Id. Such notice is mandatory where the requesting party supplies the information to be noticed to the Court.  FRE 201(c)(2).

The record in the earlier <u>Baldhosky</u> case appearing to be the proper subject of judicial notice and no timely request for an opportunity to be heard on the propriety of judicially noticing it having been made, FRE 201(e), Defendants' request is granted and the excerpts of the record in 1:12-cv-01200-MJS are judicially noticed.

### III. MOTION TO DISMISS

#### A. Summary of Defendants' Argument

Defendants have moved to dismiss on statute of limitations grounds. They note that Plaintiff's injuries against various defendants accrued between August and December of 2008, and that Plaintiff did not initiate this action until February 7, 2014.

They argue that even if Plaintiff is entitled to statutory tolling under CAL. CODE. CIV. P. § 352.1 because of the disability of imprisonment from the date of the accrual of his claims, plus the additional two years prescribed by California state law, Plaintiff still would have had to have filed suit by July 2012.

They argue that both Plaintiff's federal and state claims should be dismissed because Plaintiff filed his present suit almost two years after this date. They further argue that Plaintiff's state negligence claims should be dismissed because Plaintiff did not file suit within six months of his claims being rejected by the Government Claims and Victim Compensation Board.

#### B. Summary of Plaintiff's Opposition

Plaintiff argues, first, that he is entitled to statutory tolling under § 352.1 due to the disability of imprisonment. Second, he argues that he is entitled to equitable tolling during the pendency of his administrative appeals. Third, he argues that he is entitled to additional equitable tolling on the grounds that he originally brought the instant claims

on July 23, 2012 in Case No. 1:12-cv-01200. After the Court, in its screening order in that case, specifically instructed him to file some of his claims separately to avoid a violation of Rule 18(a), he filed the complaint in this action.

He concedes, however, that his state claims are untimely, and requests that all pending tort claims be dismissed with prejudice.

### C. Defendants' Reply

Defendants respond to Plaintiff's Opposition by first noting that if Plaintiff is entitled to statutory tolling under § 352.1, he should only be entitled to tolling until July 27, 2010, the day he was released from prison.

They argue that his complaint in 1:12-cv-01200-MJS should not affect the running of the statute of limitations for his 2014 suit. They conclude that equitable tolling should not apply to Plaintiff's 2014 complaint because 1) he did not diligently pursue his claim and 2) they would suffer prejudice because six years passed between the start of Plaintiff's injuries and the filing of his suit.

## IV. APPLICABLE LAW

### A. Motions to Dismiss

A motion to dismiss may be filed on the grounds that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, id. at 678, and

all reasonable inferences must be drawn in favor of the non-moving party, Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998. However, "because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is 'not generally amenable to resolution on a Rule 12(b)(6) motion.'" Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). Courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

A statute of limitations defense may be raised in a motion to dismiss if it is apparent from the face of the complaint. Seven Arts Filmed Entm't Ltd. v. Content Media Corp., PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). However, "a motion to dismiss based on the running of the statute of limitations may be granted only 'if the assertions of the complaint, read with the required liberality would not permit the plaintiff to prove that the statute was tolled. In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail, 68 F.3d at 1206-1207(citations omitted); see also Jablon v Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

**B. Statute of Limitations**

No statute of limitations is set out in 42 U.S.C Section 1983. This Court shall apply California's two year statute of limitations on a personal injury claim, such as this,

which arose in this state. CAL. CODE CIV. PROC. § 335.1; <u>Jones v. Blanas,</u> 393 F.3d 918, 927 (9th Cir 2004); <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007); <u>Maldonado v Harris,</u> 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. <u>Olsen v. Idaho State Bd. Of Med.</u>, 363 F.3d 916, 926 (9th Cir. 2004); <u>Lukovsky v. City of San Francisco</u>, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. <u>Hardin v. Straub,</u> 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. <u>Id.</u> at 537-39.

**C. Statutory Tolling**

California Code of Civil Procedure § 352.1(a) tolls the running of California's statute of limitations for a maximum of two years while the Plaintiff is imprisoned for a term less than life in prison. A plaintiff is only entitled to tolling under §352.1 for the period that the disability continues, that is, as long as he remains imprisoned. <u>See</u> CAL. CODE CIV. P. § 352.1(a)("*the time of that disability* is not a part of the time limited for the commencement of the action.")(emphasis added).

**D. Equitable Tolling**

The doctrine of equitable tolling "operates independently of the language of the Code of Civil Procedure and other codified sources of statutes of limitations." <u>McDonald v. Antelope Valley Cmty. Coll. Dist.</u>, 194 P.3d 1026, 1031 (Cal. 2008); <u>accord</u> <u>Jones</u>, 393 F.3d at 928. Equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." <u>Elkins v. Derby</u>, 525 P.2d

81, 84 (Cal. 1974). "Thus it may apply where one action stands to lessen the harm that is the subject of a potential action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1031-1032 (Cal. 2008)(citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 923 (Cal. Ct. App. 1983).  Equitable tolling is appropriate in a later suit when an earlier suit was filed and the record shows 1) timely notice to the defendant in filing the first claim, 2) lack of prejudice to the defendant in gathering evidence to defend against the second claim, and 3) good faith and reasonable conduct by the plaintiff in filing the second claim. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002)(citing Daviton v. Columbia/HCA Healthcare Corp, 241 F.3d 1131, 1137-1138 (9th Cir. 2001)).  However, equitable tolling does not generally apply where Plaintiff pursues successive claims in the same forum. See Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App. 1998); but see Structural Steel Fabricators, Inc. v. City of Orange, 40 Cal. App. 4th 459, 463 n. 5 (Cal. Ct. App. 1995)(allowing suit against city to go forward, even though city was not originally joined in first suit against contractor) and Wood v. Elling Corp., 572 P.3d 696, 700-701(citing Bollinger v. Nat'l Fire Ins. Co. of Hartford, 25 Cal. 2d 399(1944))(finding successive claims were entitled to equitable tolling in very narrow circumstances where 1) trial court erroneously dismissed action, 2) defendants had engaged in dilatory tactics, 3) and plaintiff had at all times proceeded diligently).

**E. ANALYSIS**

Because Plaintiff has conceded that his state tort claims are time-barred, the court addresses only the timeliness of his federal constitutional claims. Absent equitable tolling, these claims, filed nearly six years after the latestalleged § 1983 violation upon which he wishes to sue, would be untimely:

Plaintiff had until July 27, 2012 to file his claims. He was released from prison on July 27, 2010, just shy of two years after his claims accrued in August through December of 2008. Although he was entitled to tolling under § 352.1 while he was imprisoned, tolling stopped when he was released, and the statutory limitations period under § 335.1 began to run. Therefore, Plaintiff had two years from the date of his release to file his claims.[1] Unless the pleadings establish grounds for equitable tolling, Plaintiff's complaint, filed February 7, 2014, would be time-barred.

Plaintiff filed his original action, which named all defendants sued here on the same claims made here, on July 23, 2012, before the statute of limitations expired. (ECF No. 24-1, at 6-7). However, plaintiff's original complaint (1:12-CV-1200-MJS) was ultimately dismissed without prejudice. (ECF No. 24-1.) The screening order instructed Plaintiff that *if* he chose to amend, he could not bring claims against all defendants in the same action.

Plaintiff's choice to bring his claims against Defendants separately, rather than by amending his pleadings in 1:12-CV-01200-MJS, is significant. Amended pleadings can relate back to original filings, provided certain requirements are met. See, e.g.,

---

[1] The Court notes that under Brown v. Valoff, the time during which Plaintiff was pursuing his administrative remedies is excluded from the calculation of the limitations period. 422 F.3d 926, 942-943 (9th Cir. 2005). However, because Plaintiff exhausted his remedies while he was still in prison, and was released from prison less than two years after accrual of his claims, the exclusion of the exhaustion period would not extend the time he had to file.

9

Merritt v. Cty. of Los Angeles, 875 F.32d 765, 768 (9th Cir. 1989); Cal. Code Civ. P. § 474. New actions, however, do not relate back to previous actions. See, e.g., James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1066 (9th Cir. 2002)(plaintiff assumes the risk that a statute of limitations bars him from reasserting previously dismissed claims). Because there is no inherent relationship between Plaintiff's first action and the present one, he may not rely on the filing date of the earlier case to claim the current action is timely.

Moreover, as stated above, equitable tolling does not apply to successive actions filed in the same forum, at least where the three factors enunciated in Wood, *supra*, are absent. Wood, 572 P.2d at 759 (noting that "decisions of this court have made it clear that the concurrence of the three factors … is essential to application of the rule [for equitable tolling]")  Equitable tolling thus spares second actions where the first was erroneously filed in the wrong venue or in state court, but not in the same court. See Martell, 67 Cal. App. 4th at 334 (finding second complaint in same forum untimely because "under equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in *another forum*")(emphasis added). Here, Plaintiff has filed both his cases in the same forum.  He has not provided evidence that, under Wood, the trial court erroneously dismissed his case or that defendants engaged in dilatory tactics.  Thus, he is not entitled to equitable tolling.  His second action is therefore untimely.

**4. Conclusion**

For the foregoing reasons, the Court finds that Plaintiff is not entitled to equitable tolling. Therefore, his complaint, filed February 7, 2014, is untimely.  The Court

recommends that Defendants' Motion to Dismiss be GRANTED as to both plaintiff's state and constitutional claims.

**IV. MOTION TO STRIKE PLAINTIFF'S SURREPLY**

Defendant moves to strike Plaintiff's surreply to the motion to dismiss. (ECF No. 28.)

Absent leave of court, no briefing on Defendant's motions is permitted beyond the opposition and reply. The Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing on the motions. The surreply has not been considered in these findings and recommendations.

Accordingly, Defendant's motion to strike Plaintiff's surreply should be granted, and Plaintiff's surreply (ECF No. 25) should be stricken from the record.

**V. MOTION TO APPOINT COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, the court will recommend that Plaintiff's motion for the appointment of counsel be denied without prejudice.

## VI.   CONCLUSION AND ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' request for judicial notice (ECF No. 24-1) be GRANTED;
2. Defendants' Motion to Dismiss (ECF No. 19) be GRANTED;
3. Defendants' Motion to Strike Plaintiff's Surreply (ECF No. 26) be GRANTED;
4. Plaintiff's Motion for Appointment of Counsel (ECF No. 25) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 16, 2015              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE