# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendant. | **Case No. 1:14-cv-00166-LJO-MJS (PC)**<br><br>**ORDER REINSTATING DISMISSED CLAIMS**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>**(ECF NO. 8)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Defendants Vidal Sanchez, Yang, Cross, Palos (erroneously identified as "Toni" in the complaint), Smith, Daniels, and Dwivedi appeared in this action and declined to consent to Magistrate Judge jurisdiction. (ECF Nos. 19; 22; 29.) No other Defendants have yet appeared in the action.

On October 20, 2014, the Court screened the first amended complaint and found cognizable claims against Defendants CSP physicians Sanchez and Dwivedi and CSP

nurses Yang, Cross, "Toni" (Palos), Smith, Daniels and Does 2-13, 15-17, 19-20 and 24-40 for medical indifference and state law medical negligence. (ECF No. 8.) The Court dismissed all claims against Defendants State of California, the California Department of Corrections and Rehabilitation ("CDCR"), Corcoran State Prison ("CSP"), Wang M.D., CSP Director of Nursing Doe 1, Chavez, Schutt, and CDCR personnel Does 14, 18, 21-23, and 41-50. (Id.)

This case has proceeded on Plaintiff's claims against Defendants Vidal Sanchez, Yang, Cross, Palos, Smith, Daniels, and Dwivedi, who are the only Defendants on whom service has been had. The action was dismissed on April 22, 2015 and judgment entered in favor of Defendants. (ECF Nos. 35; 36.) However, the Ninth Circuit vacated the judgment and remanded the case back to the district court on August 4, 2016. (ECF No. 44.) Defendants have since answered the first amended complaint and a trial scheduling order has been entered. (ECF Nos. 52; 55.)

## I. Vacate Dismissal

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants State of California, CDCR, CSP, Wang M.D., CSP Director of Nursing Doe 1, Chavez, Schutt, and CDCR personnel Does 14, 18, 21-23, and 41-50 were never served and never appeared in this action. Therefore, they have not consented to Magistrate Judge jurisdiction. Because these Defendants have not

consented and the undersigned dismissed Plaintiff's claims against them with prejudice, the dismissal is invalid under <u>Williams</u>. The claims therefore are reinstated. As set forth below, the undersigned will recommend to the District Judge that they be dismissed,

**II.     Findings and Recommendations on Second Amended Complaint**

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible

3

claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations

Plaintiff, a paraplegic, claims he was harmed by a policy and practice of medical indifference and neglect while he was a prisoner at CSP. His essential allegations may be summarized as follows:

Plaintiff must urinate by catheter. A #16 catheter is the correct size for Plaintiff. Dr. Sanchez failed to use and ensure the supply and use of #16 catheters. Nurses Yang, Cross, Toni, Smith, Daniels, and Does 2-13, 15-17, 19-20 and 24-40 repeatedly attempted to and did insert size #18 catheters that were too large for Plaintiff's urethra. This caused pain and damaged the urethra and largely prevented insertion of a catheter. Plaintiff at times was left with a full bladder and unable to urinate.

Plaintiff repeatedly requested use of sterile #16 catheter kits. Nonparty Dr. Brar ordered that these kits be used. However, they were only occasionally made available. Instead Defendants continued to use #18 catheters. Dr. Wang responded to Plaintiff's related medical appeal at the first level. Health Care Manager Schutt responded to the appeal at the second level.

Dr. Sanchez, despite Plaintiff's continuing pain and catheter problems, refused to expedite consultation with prison urologist, Dr. Dwivedi. Nurse Doe #2 told Plaintiff to reduce his water intake even though this increased recurrence of urinary tract infection. Nurse Chavez did not provide bladder irrigation kits that Plaintiff requested.

Unable to urinate by catheter, Plaintiff was transported by ambulance to the hospital where a supra pubic catheter was surgically placed by nonparty, Dr. Shakir. The ambulance was delayed because Doe 21 failed to recognize the severity of Plaintiff's

4

condition.

Nurse Smith failed to forward paperwork, delaying Plaintiff's post-surgical appointment with Dr. Shakir, who by that time was unavailable. Plaintiff had to see a doctor unfamiliar with his case which prevented effective consultation.

Dr. Sanchez removed the supra pubic catheter contrary to Dr. Shakir's instructions and could not replace it. Plaintiff was again hospitalized for surgical catheter implantation. Nurse Does 20-21 did not schedule a post-operative appointment with Dr. Shakir, delaying the appointment. During the delay Plaintiff developed signs of urinary tract infection.

Plaintiff claims Defendants' above actions and inactions were pursuant to a CDCR policy of medical indifference that was subject of the Plata[1] class action litigation.

Defendants caused Plaintiff severe pain and discomfort culminating in the complete failure of his urethra for which he seeks monetary damages.

**D. Discussion**

**1. Eleventh Amendment Immunity**

Plaintiff seeks monetary damages against the State, its CDCR and CSP. The Eleventh Amendment "erects a general bar against federal lawsuits brought against a state." Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

The State and its agency, the CDCR are entitled to Eleventh Amendment immunity in this action for damages. See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies[.]"). Because CSP is a part of the CDCR, it also is entitled to Eleventh Amendment immunity from suit to the same extent. Allison v.

---

[1] The Court takes judicial notice of Plata v. Brown, case number 3:01–cv–01351, a prison-conditions class action assigned to a three-judge panel on July 23, 2007 and pending in the Northern District of California. Plata does not give rise to an independent claim for relief in this action. Pride v. Correra, 719 F.3d 1130, 1137 (9th Cir. 2013); Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights).

California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity).

Plaintiff was advised of this deficiency in the previous screening order. Further leave to amend would be futile. Accordingly, Plaintiff's claims against the State, CDCR, and CSP should be dismissed.

### 2. CDCR Policy

Plaintiff claims Defendants' actions and inactions were in furtherance of a CDCR policy of medical indifference.

An official capacity claim against a state official requires that a policy or practice of the governmental entity be the moving force behind the violation. Hafer v. Melo, 502 U.S. 21, 25 (1991).

Plaintiff's allegations do not include facts suggesting his rights were violated as a result of a decision by the CDCR and its policymaking officials or a persistent and widespread CDCR practice. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). His official capacity claim against Defendants fails.

Plaintiff may assert membership in the Plata class action and claim Defendants failed to take action appropriate under Plata to remedy systemic (widespread) deficiencies in CSP medical care. Such a claim seeking relief for more than individual harm to Plaintiff appears duplicative of and barred by the Plata litigation and the Stipulation for Injunctive Relief entered in Plata. See Pride, 719 F.3d at 1136–37. Plaintiff may assert such a claim through the Plata receivership, but not in this action.

Plaintiff has failed to correct deficiencies noted in the previous screening order. Further leave to amend appears futile and should be denied.

### 3. Supervisor Liability

Plaintiff claims Defendants Chief Medical Officer Wang and Health Care Manager Schutt were indifferent to serious risks evident from the Plata litigation and their review of Plaintiff's medical appeal.

A § 1983 plaintiff must demonstrate that each defendant personally participated in

6

the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the individual actions of the defendants and the alleged violation. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Plaintiff does not allege any facts that show how and why the Plata litigation placed Defendants on notice of a serious risk to his health.

The allegation that Defendants reviewed Plaintiff's health care appeal does not alone suggest indifference. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (D.C. Ill. 1982); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff does not specifically allege the basis for appeal, the relief requested, Defendants' respective appeal response, and why the response shows knowing indifference to his serious medical needs.

Nothing in the amended pleading demonstrates improper training and supervision by Wang and Schutt causing Plaintiff harm. Nor are there any facts suggesting a basis upon which to find knowing indifference by Defendant Doe 1, the CSP Director of Nursing.

If there was an insufficient supply of #16 catheters, it could have been for reasons other than indifference of the supervisory Defendants.

Plaintiff was advised of the deficiencies in this claim in the previous screening order. He failed to correct them. It is reasonable to conclude further leave to amend would be futile and should be denied.

### 4. Eighth Amendment Medical Indifference

Plaintiff claims Defendants knowingly and repeatedly denied and delayed medically appropriate catherization, ordered by Drs. Briar and Shakir, leaving Plaintiff at times unable to empty his full bladder and damaging his urethra to the point of dysfunction.

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

7

could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The Court previously found that Plaintiff made sufficient allegations of medical indifference to state cognizable claims against Defendants Sanchez, Dwivedi, Yang, Cross, "Toni" (Palos), Smith, Daniels and Does 2-13, 15-17, 19-20, and 24-40. (ECF No. 8.)

Plaintiff fails to show the other named Defendants denied, delayed or interfered with treatment, or knowingly provided medically unacceptable care causing harm. The supervisor liability claims fail for the reasons stated. No facts suggest any delay relating

to ambulance transport and scheduling of post-operative care, attributable to Doe 21, arose from intentional indifference to a known serious medical need.

Plaintiff was advised of the deficiencies in this claim in the previous screening order. (ECF No. 6.) He failed to correct them. It is reasonable to conclude further leave to amend would be futile and should be denied.

### 5. State Law Medical Negligence

Plaintiff claims care provided by Defendants was medically negligent.

"To establish a medical malpractice claim, a plaintiff must allege: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to plaintiff ." Rightley v. Alexander, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995) (citing Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978)); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he alleges facts demonstrating presentation of a written claim to the Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (Cal. 2007); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

The Court previously found the facts alleged in the medical indifference claim also support a medical negligence claim. Additionally, Plaintiff alleges compliance with CTCA claim filing requirements. These allegations were sufficient to frame a cognizable state law medical negligence claim against Defendants Sanchez, Dwivedi, Yang, Cross, Toni, Smith, Daniels and Does 2-13, 15-17, 19-20 and 24-40.

Plaintiff does not sufficiently allege any other Defendant fell below the standard of

care applicable to medical professionals causing Plaintiff harm. (See supra 7-9, Eighth Amendment Medical Indifference Analysis.) Accordingly, the state law claims against all other Defendants should be dismissed.

**III.    Conclusion**

For the foregoing reasons, the claims dismissed in the Court's screening order (ECF No. 8) are reinstated.

Further, IT IS HEREBY RECOMMENDED that:

(1)    Plaintiff's claims against Defendants State of California, CDCR, CSP, Wang M.D., CSP Director of Nursing Doe 1, Chavez, Schutt, and CDCR personnel Does 14, 18, 21-23, and 41-50 be DISMISSED; and

(2)    This action proceed on the Plaintiff's claims against Defendants Vidal Sanchez, Yang, Cross, Palos, Smith, Daniels, and Dwivedi in the first amended complaint as found in the Court's previous screening Order (ECF No. 8).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    November 21, 2017            /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

10