UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | CASE NO. 1:14-cv-00166-LJO-MJS (PC)<br><br>**ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS**<br><br>**(ECF Nos. 7, 72)**<br><br>**ORDER VACATING ALL PENDING DATES AND MATTERS IN THIS ACTION**<br><br>**ORDER DENYING AS MOOT REQUEST FOR MODIFICATION OF SCHEDULE**<br><br>**(ECF No. 77)**<br><br>**TWENTY-ONE (21) DAY DEADLINE TO FILE AMENDED PLEADING** |

Plaintiff is a former state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the Court are the Magistrate Judge's November 22, 2017 findings and recommendations to dismiss certain claims for failure to state a cognizable claim. (ECF No. 72.)

**I.  Procedural History**

This case has a lengthy and somewhat complicated procedural history that bears on the matters presently before the Court.

Plaintiff initiated a separate action, Baldhosky v. Hubbard, No. 1:12-cv-1200-LJO-MJS (hereinafter "Baldhosky I"), pro se on July 23, 2012 with the filing of his complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 3 in Baldhosky I.) On December 9, 2013, the assigned Magistrate Judge reviewed the complaint and noted several defects, including that the complaint contained claims that were not properly joined under Rule 18(a). The complaint was dismissed with leave to amend. (ECF No. 13 in Baldhosky I.)

Plaintiff filed a first amended complaint in Baldhosky I on January 21, 2014. (ECF No. 16 in Baldhosky I.) On February 7, 2014, Plaintiff apparently heeded the Magistrate Judge's admonition regarding misjoinder and initiated this action, Baldhosky v. State, No.1:14-cv-00166-LJO-MJS (hereinafter "Baldhosky II"), which contained a number of claims originally pled in his complaint in Baldhosky I. Unlike in Baldhosky I, Plaintiff paid the filing fee in Baldhosky II.

In Baldhosky I, Plaintiff filed a second and, eventually, a third amended complaint. He then was permitted to proceed in that case on his third amended complaint against Defendants Drs. Gonzalez, Nguyen, and Metts; PAs Peters and Byers; and Nurses Grossi, Ruff, Indindes, Kaylor, and Dunn on Eighth Amendment claims for medical indifference.[1] (ECF No. 31 in Baldhosky I.)

While Plaintiff pursued the screening process in Baldhosky I, his claims in Baldhosky II also were under review. On October 20, 2014, the Magistrate Judge issued

---

[1] Plaintiff also challenges the screening order in Baldhosky I. These challenges will be addressed in a separate order in that action.

2

a final screening order on the first amended complaint in Baldhosky II, finding cognizable medical indifference and state law medical negligence claims against Defendants Sanchez, Diwendi, Yang, Cross, Toni, Smith, Daniels, and Does 2-13, 15-17, 19-20, and 24-40, all physicians and nurses at Corcoran State Prison. (ECF No. 8 in Baldhosky II.) The remaining claims and defendants were dismissed. (Id.) The named defendants were served with process and filed a motion to dismiss, arguing that the statute of limitations had expired. (ECF No. 19 in Baldhosky II). The undersigned granted the motion and Plaintiff appealed. (ECF Nos. 35, 38 in Baldhosky II.)

On appeal of Baldhosky II, the Ninth Circuit determined that the Magistrate Judge abused his discretion in Baldhosky I when he dismissed the initial complaint with leave to amend, rather than severing the misjoined claims. (ECF No. 44 in Baldhosky II). Thus, the Ninth Circuit concluded Plaintiff was entitled to equitable tolling of the statute of limitations in Baldhosky II. (Id.) The Ninth Circuit vacated the judgment in Baldhosky II and remanded.

On remand, Plaintiff obtained counsel. (ECF No. 60.) Defendants Sanchez, Diwendi, Yang, Cross, Palos[2], Smith, and Daniels answered the complaint, and the matter since has proceeded to discovery. (ECF Nos. 52, 54.)

**II.** **Williams v. King**

Both Baldhosky I and Baldhosky II have proceeded to discovery on a screening order issued solely by a Magistrate Judge.

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening, even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

---

[2] Erroneously sued as "Toni."

3

On November 22, 2018, the Magistrate Judge recognized that Defendants had neither appeared nor consented to Magistrate Judge jurisdiction when the relevant screening order issued, and he therefore re-issued his previous screening order as findings and recommendations. The findings and recommendations were served on all parties with notice that objections thereto were to be filed within fourteen days. (ECF No. 72.) Plaintiff filed objections. (ECF No. 73.) Defendants filed no objections, nor did they respond to Plaintiff's objections.

### III. Plaintiff's Objections

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court declines to adopt the findings and recommendations. Instead, the Court concludes that it lacks authority to screen Plaintiff's complaint.

#### A. In Forma Pauperis Statute

In the findings and recommendations, the Magistrate Judge cited to the in forma pauperis statute as providing authority for screening. (ECF No. 72.) Plaintiff contends that he is not subject to sua sponte screening under this statute because, at the time of filing, he was neither a prisoner nor proceeding in forma pauperis.

The in forma pauperis statute provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). There is apparent disagreement within the circuits as to whether the language providing for dismissal "notwithstanding any filing fee . . . that may have been paid" permits the Court to screen complaints that are brought by individuals who are prisoners and are not proceeding in forma pauperis. The Ninth Circuit has not expressly decided this issue.

The Seventh Circuit has concluded in passing that the "notwithstanding" language gives courts "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (citing dicta from McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir.1997), that was specifically repudiated in Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999), discussed below). The Seventh Circuit has since taken note of a circuit split on this issue, but suggested that sua sponte screening is nonetheless appropriate so long as the affected party has notice and an opportunity to respond. Bradley v. Sabree, 842 F.3d 1291, 1293 (7th Cir. 2016).

On the other hand, the Sixth Circuit has concluded in a well-reasoned decision that section 1915(e)(2)(B) applies only to litigants proceeding in forma pauperis. Benson, 179 F.3d at 1016. In reaching this conclusion, the Sixth Circuit noted that section 1915(e)(2)(B) is titled, "Proceedings in forma pauperis," and that the remainder of the statute has applied only to in forma pauperis proceedings. Additionally, the structure of the statute and its historical roots in the former section 1915(d), which applied only to in forma pauperis proceedings, indicates that the statute should be so limited. Finally, interpreting section 1915(e) to permit screening of non-IFP complaints would obligate the district court to screen all complaints, and would render superfluous the prisoner screening provision found in section 1915A. Id. at 1016-17.

This appears to represent the view of a majority of courts. See, e.g., Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.10 (3d Cir. 2002) ("Although the language of § 1915(e)(2) does not expressly limit the provision's reach to in forma pauperis claims, we believe Congress intended it to be so limited."); Stafford v. United States, 208 F.3d 1177, 1179 n. 4 (10th Cir. 2000) (holding that the screening procedure in § 1915(e)(2) applies to appeals brought by plaintiffs who are proceeding under the in forma pauperis scheme in § 1915); Tucker v. Branker, 142 F.3d 1294, 1296 (D.C. Cir. 1998) (stating § 1915(e)(2)(B) applies to "a case filed IFP").

The Court finds little reasoned support for the view taken by the Seventh Circuit and instead is persuaded by the Sixth Circuit's analysis. Accordingly, the Court concludes that section 1915(e)(2)(B) does not provide authority for sua sponte screening of Plaintiff's complaint.

### B. Inherent Authority

In his original screening order on the first amended complaint, the Magistrate Judge cited to the Court's inherent power to control its docket and dispose of its cases as authority for screening Plaintiff's complaint. (ECF No. 8 at 2.)

A district court has the inherent authority to dismiss frivolous actions. Damjanovic v. Ambrose, 991 F.2d 803 (9th Cir. 1993) (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988)). See also Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee. . . ."). However, this authority extends only to suits that lack "an arguable basis either in law or fact." Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015). Unlike the authority provided under the in forma pauperis statute, the court's inherent authority to dismiss sua sponte does not extend to "otherwise well-pled claims for relief on the ground that they fail to state a claim." Id. at 119-20. Cf. Nietzke v. Williams, 490 U.S. 319, 329-30 (disapproving of screening for failure to state a claim absent a statutory basis to do so), superseded by 28 U.S.C. § 1915(e)(2).

The Court also has authority to dismiss sua sponte under Rule 12(b)(6). See 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.). Again, however, use of this authority has generally been reserved for claims where the Plaintiff cannot possibly win relief. Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991

(9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Trujillo v. Crescent Jewelers, 243 F.3d 550 (9th Cir. 2000) (affirming dismissal of state law claim that was absolutely barred under state law). Alternatively, such dismissal is generally undertaken after the defendants have appeared and all parties have had notice and an opportunity to respond on the issue. E.g., Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 (9th Cir. 2005) (counseling against sua sponte dismissal on claim preclusion grounds absent an opportunity for the parties to be heard); Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993) (affirming sua sponte dismissal on statute of limitations grounds where defendants pleaded the defense in their answer and plaintiff had an opportunity to present argument on the issue).

The allegations in the instant case concern Plaintiff's Eighth Amendment right to adequate medical care and cannot be characterized as frivolous or lacking any arguable basis in law. Accordingly, the Court concludes the claims are not properly subject to dismissal under the Court's inherent authority, or under Rule 12(b)(6) under the current posture of the case.

**IV.    Further Proceedings**

Having concluded that the Court lacks authority to screen the first amended complaint, the first amended complaint is restored, in its entirety, as the operative pleading. However, Plaintiff requests an opportunity to file an amended complaint through counsel. This request will be granted. Plaintiff is nonetheless advised that any amended pleading should be confined to the allegations raised in Baldhosky II, and any claims or parties properly joined thereto. Fed. R. Civ. P. 18, 20. Allegations that are the subject of Baldhosky I may be subject to dismissal as duplicative. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) ("After weighing the equities

of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action[.]").

In light of the present status of the case, all pending dates and deadlines will be vacated. The parties' stipulated request for limited modification of the scheduling order (ECF No. 77) is therefore moot and on that basis will be denied.

**V.     Conclusion and Order**

Based on the foregoing, the undersigned declines to adopt the November 22, 2017 findings and recommendations (ECF No. 72). Additionally, it is HEREBY ORDERED that:

1. Within twenty-one days of the date of service of this order, Plaintiff shall file and serve a second amended complaint;
2. All pending dates and deadlines in this action are vacated;
3. The parties' request for limited modification of the scheduling order (ECF No. 77) is denied as moot; and
4. The matter is referred back to the Magistrate Judge for further proceedings, including proceedings to set a further schedule for this litigation.

IT IS SO ORDERED.

Dated:  **March 20, 2018**                    **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES CHIEF DISTRICT JUDGE